UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **REPUBLIC OF PERU,** | : | Case No.: **3:09-cv-01332 (AWT)** |
| Plaintiff, | : | |
| v. | : | |
| **YALE UNIVERSITY** | : | |
| Defendant. | : | February 26, 2010 |

**PLAINTIFF REPUBLIC OF PERU'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO VOLUNTARILY
DISMISS CERTAIN CAUSES OF ACTION FROM
<u>THE FIRST AMENDED COMPLAINT</u>**

**ORAL ARGUMENT REQUESTED**

## PRELIMINARY STATEMENT

Plaintiff Republic of Peru respectfully moves to dismiss certain causes of action from the First Amended Complaint ("Complaint") without prejudice under Federal Rule of Civil Procedure 41(a)(2). Peru filed the instant lawsuit in December 2008, to compel Defendant Yale University to fully account for and return artifacts excavated and removed from the ancient Incan ruins of Machu Picchu and surrounding areas near Cuzco, Peru. Peru amended its complaint on April 20, 2009.[1] The Complaint pleads seventeen causes of action against Yale. In October 2009, White & Case LLP and Brenner, Saltzman & Wallman LLP replaced DLA Piper LLP as counsel to Peru. Yale filed a Motion to Dismiss the Complaint on October 16, 2009, and Peru responded to Yale's Motion to Dismiss on November 30, 2009. Yale's motion is principally based on the statute of limitations under Connecticut law.

In the interests of avoiding unnecessary cost and expense to all parties, potentially facilitating discussions between the parties, and judicial economy, Peru moves to dismiss without prejudice the following six causes of action from the Complaint, listed here as referenced in the Complaint: eighth (Fraud), ninth (Fraudulent Misrepresentation), eleventh (Civil Conspiracy—Wrongful Retention), twelfth (Civil Conspiracy—Conversion), thirteenth (Civil Conspiracy—Fraud), and fourteenth (Civil Conspiracy—Fraudulent Misrepresentation).

## ARGUMENT

Rule 41(a)(2) allows a plaintiff to voluntarily dismiss an action "by court order, on terms that the court considers proper." Unless otherwise specified by the court, such a voluntary dismissal is without prejudice. FED. R. CIV. P. 41(a)(2). It is well-settled that a voluntary dismissal without prejudice under Rule 41(a)(2) will generally be permitted, so long as such a

---

[1] This action was originally filed in federal court in the District of Columbia but was transferred to this Court upon Yale's motion.

dismissal will not substantially prejudice the defendant.  Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001) (citing Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985)).

The Second Circuit has considered the following factors to be relevant in determining whether to grant a motion to voluntarily dismiss without prejudice:

> [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

Catanzano, 277 F.3d at 109–10 (citing Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).  No single factor is dispositive.  Ultimate Nutrition, Inc. v. Diamond Drinks, Inc., No. 3:06 CV 69 (MRK), 2007 WL 2786420, at *1 (D. Conn. Sept. 24, 2007); D'Alto v. Dahon Cal. Inc., 100 F.3d 281, 283–84 (2d Cir. 1996) (reversing dismissal of a claim under Rule 41(a)(2) because the lower court did not consider each of the relevant factors).

Each of the five factors listed above weighs in favor of granting Peru's motion to dismiss six causes of action without prejudice.

**1.   Peru's Motion Is Timely**

This motion comes early in the litigation — before discovery has commenced, before this Court has ruled on Yale's motion to dismiss, and before Yale has filed an answer to Peru's Complaint or otherwise addressed the merits of any cause of action.  See Stanley Works v. Alltrade, Inc., No. Civ. 3:02 CV 1468 (PCD), 2004 WL 367619, at *2 (D. Conn. Feb. 23, 2004) (granting a motion to voluntarily dismiss filed after the close of discovery).  Peru's motion will trim six counts from the case and will facilitate resolution of this litigation by reducing the number of claims before the Court.  See Catanzano, 277 F.3d at 110 (plaintiffs were not dilatory

2

in bringing a motion to voluntarily dismiss where they did so to facilitate an end to the litigation).

    2. **There Has Been No "Undue Vexatiousness"**

Courts in the Second Circuit have found no undue vexatiousness where a plaintiff files a complaint in good faith and then seeks dismissal of claims in the complaint in light of post-filing developments.  See Recoton Corp. v. Bright Headphone Elecs. Co., No. 97 Civ. 8410 (RWS), 1999 WL 61439, *2 (S.D.N.Y. Feb. 3, 1999).  Here, Peru's new counsel has determined in good faith that certain causes of action should be voluntarily dismissed without prejudice.  Indeed, certain of the claims being dropped are claims which Yale had suggested to Peru's prior counsel might not have been asserted in good faith.  As noted above, this motion also comes early in the case, before any issue has been joined on the merits.  See Catanzano, 277 F.3d at 108, 110 (finding no vexatiousness where plaintiff, seeking "to facilitate an end to the litigation," moved to dismiss a claim after making related discovery requests but before the defendant had responded to those requests); Stanley Works, 2004 WL 36719, at *2 (no undue vexatiousness where defendant did not seek discovery on certain counterclaims, and then moved, at the close of discovery, to dismiss those counterclaims to avoid "spend[ing] either parties' money [ ]or the Court's resources to pursue a cause that could be avoided").

    3. **This Litigation Remains in Its Early Stages and Discovery Has Not Yet Commenced**

Because this action remains in its early stages, dismissing certain of Peru's claims will not prejudice Yale.  Ultimate Nutrition, 2007 WL 2786420, at *2–3 (granting voluntary dismissal without prejudice even where parties engaged in minimal discovery as of the filing of the motion).  Here, discovery has not yet commenced.  See Catanzano, 277 F.3d at 110

3

("[A]lthough the litigation has gone on for years, this claim has thus far not been litigated and only halting discovery has taken place.").

### 4. There Is No Risk Of Relitigation

None of Peru's claims — including those specified for dismissal without prejudice — have been litigated on the merits, and no discovery has taken place. As such, relitigation is not an issue here. See Catanzano, 277 F.3d at 110 ("[R]elitigation of this claim would not be duplicative because it has barely been litigated at all.").

### 5. Peru's Motion Will Simplify The Case

Peru seeks to dismiss the specified claims to narrow the focus of the litigation in the interests of judicial economy and of preventing any unnecessary cost to the parties. Peru also hopes that narrowing claims may facilitate discussions between the parties. These circumstances support dismissal without prejudice under Rule 41(a)(2). See Acequip Ltd. v. Am. Eng'g Corp., 219 F.R.D. 44, 46 (D. Conn. 2003) (granting a motion to dismiss without prejudice where plaintiff sought dismissal in order to facilitate an end to the litigation and to avoid unnecessary costs and expense to the parties); see also Catanzano, 277 F.3d at 110 (moving to dismiss claims "in order to facilitate an end to the litigation . . . [while] avoid[ing] preclusive effects of the district court's ruling on this claim, is adequate"). Peru's voluntary dismissal of the six claims specified at this juncture will allow the parties to avoid the costs of litigating these claims and will substantially reduce the costs of this case given that discovery has not yet begun.

4

## **CONCLUSION**

For the foregoing reasons, Plaintiff Republic of Peru respectfully requests that its Motion to Voluntarily Dismiss Certain Causes of Action from the First Amended Complaint be granted, and that the six specified counts be dismissed without prejudice.

                REPUBLIC OF PERU

                By:   /s/ Owen C. Pell
                       Owen C. Pell (phv03653)
                       WHITE & CASE LLP
                       1155 Avenue of the Americas
                       New York, NY 10036-2787
                       Tel.: (212) 819-8200
                       Fax: (212) 354-8113
                       Email: opell@whitecase.com

                       Jonathan C. Hamilton (phv03654)
                       Carolyn B. Lamm (phv03667)
                       WHITE & CASE LLP
                       701 Thirteenth Street, N.W.
                       Washington, DC 20005-3807
                       Tel.: (202) 626-3600
                       Fax: (202) 639-9355
                       Email: jhamilton@whitecase.com
                       clamm@whitecase.com

                       Brian P. Daniels (ct11863)
                       BRENNER, SALTZMAN &
                       WALLMAN LLP
                       271 Whitney Avenue
                       New Haven, CT 06511
                       Tel.: (203) 772-2600
                       Fax: (203) 562-2098
                       Email: bpdaniels@bswlaw.com

                       *Counsel to Plaintiff Republic of Peru*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2010, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Owen C. Pell
Owen C. Pell (phv03653)