UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REPUBLIC OF PERU, : | |
| : | Case No.: 3:09-cv-01332 (AWT) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY, : | |
| : | |
| Defendant. : | June 1, 2010 |

### YALE UNIVERSITY'S MOTION FOR LEAVE TO FILE A RESPONSE TO PERU'S SUR-REPLY OPPOSING YALE'S MOTION TO DISMISS

Yale moves for leave to file a response to Peru's sur-reply. Peru's sur-reply raised several new arguments that Yale has not previously had the opportunity to address. It should have that opportunity. A proposed response is attached as Exhibit 1 to this motion.

#### PROCEDURAL BACKGROUND

Yale moved to dismiss Peru's complaint on several grounds, including Connecticut's three-year statute of limitations for tort claims. Yale explained that because all of Peru's theories of recovery were known at common law, Connecticut choice of law principles mandate application of Connecticut limitations periods in this diversity action. And under Connecticut limitations periods, Peru's claims are time-barred.

In its opposition, Peru acknowledged that Connecticut choice of law principles supply the applicable limitations periods but claimed that Connecticut choice of law principles require the application of Peruvian limitations law to all of Peru's claims. Peru devoted 11 pages of its brief to the applicability and substance of Peruvian law, and supplemented that brief with a 15-page affidavit by a Peruvian legal academic—as well as 178 pages of exhibits discussing Peruvian law

on title to the artifacts at time of discovery and on two Peruvian time-barring doctrines, "acquisitive prescription" and "extinctive prescription."

On January 8, 2010, Yale filed a short reply, showing that Connecticut choice of law principles require the application of Connecticut statute of limitations principles, but that even if Peruvian limitations principles did apply, Peru's analysis of those principles would still be wrong.

Seven weeks later, Peru filed a sur-reply brief on Peruvian law, accompanied by a second legal affidavit (and scores more pages of exhibits). Peru's reply expanded on its previous arguments about Peruvian law. It also raised new arguments on several aspects of Peruvian law.

## ARGUMENT

Peru's sur-reply raised several new arguments. Most centered on Peruvian law: an interpretation of the term "treasure"; an interpretation of the term "cede"; the retroactivity of statutes of limitation; and the hierarchy of different kinds of laws in the Peruvian system. Peru also raised a new argument under U.S. law, asserting that a U.S. court should defer to a foreign nation's self-serving interpretation of its own laws when the foreign nation is a litigant in a case in U.S. courts. Yale has had no opportunity to respond to those arguments.

All told, through briefs and legal affidavits, Peru has filed 39 pages of analysis on Peruvian law, not including exhibits. To date, because in its view Peruvian law is not in issue at this stage of the proceedings, Yale has confined its analysis to 3 pages. In light of Peru's decision to press the question of foreign law, including raising new arguments in its sur-reply brief and the accompanying second declaration of Dr. Belaunde, Yale now seeks leave to file this response addressing those new arguments. To assist the Court in determining Peruvian law—should the Court decide that such a determination is even necessary—Yale has attached to its

2

proposed response the Declaration of Peruvian legal expert Dr. Carlos Ramos Núñez. *See* Fed. R. Civ. P. 44.1.

Oral argument has not yet been scheduled. The attached proposed response to Peru's sur-reply brief will allow Yale to address arguments made for the first time by Peru and will aid the Court in resolving the motion to dismiss.

## CONCLUSION

The motion for leave to file a response to the sur-reply brief should be granted.

**DEFENDANT YALE UNIVERSITY**

By: /s/ Jonathan M. Freiman
Jonathan M. Freiman (ct24248)
Tahlia Townsend (ct27687)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
jfreiman@wiggin.com
ttownsend@wiggin.com

R. Scott Greathead (*pro hac vice*)
WIGGIN AND DANA LLP
450 Lexington Avenue, Suite 3800
New York, NY 10017
(212) 490-1700
sgreathead@wiggin.com

*Attorneys for Yale University*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Jonathan M. Freiman  
Jonathan M. Freiman